UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

ISSAC ABDINOOR,                                 :
                                                :
        Plaintiff.                              :
                                                :
v.                                              : Case No.:
                                                :
LEWIS RENTAL PROPERTIES LIMITED                 :
PARTNERSHIP
                                                :
        Defendant.                              :
                                                :

# COMPLAINT

COMES NOW, the above-named Plaintiff, ISSAC ABDINOOR (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby files its Complaint against Defendant, LEWIS RENTAL PROPERTIES LIMITED PARTNERSHIP., ("Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. '12181 *et seq.* ("ADA"), and in support thereof states as follows:

## INTRO

1. This is an action that arises out of violations committed by Defendant against Plaintiff. Defendant is denying Plaintiff equal access to the goods and services Defendant provides to its non disabled customers through their website, www.lewisrentalproperties.com ("The Website").

2. The Website provides to the public a wide array of services including gift guides and various online shopping opportunities for mens jewelry. Yet, The Website contains many access barriers that make it difficult, if not impossible, for Plaintiff to even purchase on the website. Defendant thus excludes Plaintiff from full and equal participation in the growing internet economy that is a fundamental part of the common marketplace and daily life.

3. Defendant has also failed to make reasonable modifications to its website despite Plaintiffs request. Defendant has made no attempt to explore removal of access barriers for the Plaintiff and those similarly situated and thus continues to exclude Plaintiff from full and equal enjoyment of The Website.

## PARTIES

4. Plaintiff is a Florida resident. He grew up in South Florida and currently lives in Fort Lauderdale, Florida. He is over eighteen years of age and is sui juris. He qualifies as an individual with disabilities as defined by the ADA. Specifically, Plaintiff is visually impaired and therefore unable to fully engage in and enjoy the major life activity of seeing.

5. Plaintiff also utilizes the internet and successfully reads computer materials and/or accesses and comprehends internet website information with software designed for the visually impaired. For instance, Plaintiff often utilizes the ZOOM Screen Reader software, which is one of the most popular Screen Reader Softwares ("SRS").

6. Plaintiff, who prides himself on being independent is also an advocate of the rights of similarly situated disabled persons for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Upon information and belief, Defendant owns, operates, or leases a chain of industrial properties in the United States. Specifically, Defendant operates stores in Florida.

8. Defendant constructed, or caused to be constructed, a website located at [www.lewisrentalproperties.com](www.lewisrentalproperties.com) (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation. For instance, the website provides information about Defendant's public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons. On information and belief, Defendant also continually and/or periodically updates and maintains the website and [www.lewisrentalproperties.com](www.lewisrentalproperties.com) has impeded Plaintiff his access to Defendant's physical book stores.

## JURISDICTION AND VENUE

9. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. §12181, et seq. And 28 U.S.C. §2201-02. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1391(b) and (c) in that a substantial part of the events giving rise to the action occurred and continue to occur in this district and/or the Defendant conducts substantial and regular business within the district. Defendant operates for profit, 24 hours a day, 7 days a week, an interactive website to solicit and sell their services to the public living in the district.

11. Venue is proper in the Southern District of Florida.

12. Defendant has been doing business within the Southern District of Florida. Defendant has been and is continuing to commit the alleged acts herein in the Southern District of Florida, has been violating the rights of consumers in the Southern District of Florida and has been causing injury to consumers in the Southern District of Florida. A substantial part of the acts and omissions giving rise to the Plaintiffs claims have occurred in the Southern District of Florida.

13. Plaintiff resides in the Southern District of Florida. Plaintiff is a Florida resident. Plaintiff has experienced an injury in the Southern District of Florida as a result of Defendant's inaccessible website.

## **BACKGROUND AND FACTUAL ALLEGATIONS**

14. The website is an extension of Defendant's place of public accommodation. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. The website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation. As such, the website is governed by the following provisions:

    a.   42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b.   42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a

denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

d. 42 U.S.C. Section 12182(b)(1)(A)(iii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

g.  42 U.S.C. Section 12182(b)(2)(A)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

h.  42 U.S.C. Section 12182(b)(2)(A)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

15. As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein.

16. Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and continues to be unable to enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by SRS. The features of the website that are inaccessible to the visually impaired include, but are not limited to, the following:

      a.      Defendant's website contains graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with SRS.

      b.      Defendant's website does not contain an ADA button/link to adjust the website format to one that is fully readable but SRS and /or to change the font.

      c.      The website contains skipped heading level errors. What it means is that a heading level is skipped. Why it is important is because headings provide document structure and facilitate keyboard navigation by users of assistive technology. These users may be confused or experience difficulty navigating when heading levels are skipped.

      d.      Website has a lack of alternative text ("alt-text"), or a text equivalent. Alt-text is invisible code embedded beneath a graphic or image on a website. For a website to be accessible via a screen-reader, it requires that alt-text be coded with each graphic or image so that screen-reading software can speak the alt-text where a sighted user would see the pictures. Alt-text does not change the visual presentation, but instead a text box (which is invisible) appears to the screen-reading software program and vocalizes a description of the image when a screen-reader user has reached the image or graphic using the "tab," "up arrow" and/or "down arrow" keys. When alt-text is missing on these graphics and images, it prevents screen-readers from accurately vocalizing a description of the graphics or images to the user.

      e.      The website contains images with non-descriptive and uninformative alt-text or that altogether lack a textual alternative to communicate the content of the images.

## COUNT I
## VIOLATION OF 42 U.S.C.§12181-TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS IT RELATES TO WEBSITE ACCESSIBILITY

17. Plaintiff re-alleges and incorporates the foregoing allegations as though fully set forth herein.

18. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101, et seq., provides:

    "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

19. Defendant's "brick and mortar" stores are sales establishments and public accommodations under 42 U.S.C. §§12181(7)(B). The Defendant's website is a service, privilege or advantage of customers of Defendant's "brick and mortar" stores. The Defendant's website is a service that is used by and integrated with these stores.

20. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation of an entity.

21. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

22. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination includes, but is not limited to:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

23. Defendant has discriminated and continues to discriminate against Plaintiff, and the others who are similarly situated, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of www.lewisrentalproperties.com in derogation of the ADA.

24. Specifically, Plaintiff, and those similarly situated, do not have use of a monitor, nor a computer mouse due to their disability. Instead of reading web pages or viewing the images, Plaintiff listens to the web through a software program known as a screen reader. A screen reader converts text into speech using an integrated voice synthesizer and the computer's sound card to output the content of a website to the computer's speakers.

25. Plaintiff, and those similarly situated, in employing their screen readers, have been denied access to www.lewisrentalproperties.com based solely on their disability, prior to the filing of this lawsuit. Specifically, www.lewisrentalproperties.com fails to provide "alternative text" which would provide a "screen reader" program the ability to communicate via synthesized speech what is visually displayed on the website.

26. The Defendant's website accessibility barriers include, without limitation, the following.

    a. Defendant's website contains graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with SRS.
    b. Defendant's website does not contain an ADA button/link to adjust the website format to one that is fully readable but SRS and /or to change the font.
    c. Website has a lack of alternative text ("alt-text"), or a text equivalent.

    d.  The website contains images with non-descriptive and uninformative alt-text or that altogether lack a textual alternative to communicate the content of the images.

    e.  The website contains Document language missing.

26. As more specifically set forth above, Defendant has violated the above cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

    a.  by depriving them of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. Section 12182(a));

    b.  in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(1)(A)(i));

    c.  in affording them the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. Section 12182(b)(1)(A)(ii)); by providing them a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. Section 12182(b)(1)(A)(iii));

       d.     by failing to afford them goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. Section 12182(b)(1)(B));

       e.     notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying them the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. Section 12182(b)(1)(C));

       f.     by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(2)(ii));

       g.     by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. Section 12182(b)(2)(iii)).

27.    Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

28. Plaintiff has attempted to revisit the website and utilize the website, but as long as those violations exist he will be unable to successfully have access to the website and physical stores and will have to suffer additional discrimination.

29. By continuing to operate its website with discriminatory conditions, Defendant deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

30. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

31. As an example, Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website.

32. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

33. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests this court to grant the following relief:

(a) Enter a preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq. and requiring Defendant to take the steps necessary to make www.lewisrentalproperties.com readily accessible to and usable by blind individuals;

(b) Enter a declaration that Defendant is owning, maintaining and/or operating their website in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by law;

(c) Damages in an amount to be determined by proof, including all applicable statutory damages;

(d) Plaintiff's reasonable attorney's fees, expenses, and costs of suit, including expert fees, as provided by law;

(e) For pre-judgment interest to the extent permitted by law; and

(f) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 15th day of March, 2020.

Respectfully submitted,

THE ROSS LAW GROUP PLLC
By: */s/ Morgan J. McGrath*
Morgan J. McGrath, Esq.
Florida Bar No.: 98685
mmcgrath@therosslawgroup.com
msukar@therosslawgroup.com