UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISSAC ABDINOOR, an individual,

        CASE NO.: 9:20-cv-80801-WPD

    Plaintiff,

vs.

LEWIS RENTAL PROPERTIES LIMITED
PARTNERSHIP, a Delaware limited
partnership,

    Defendant.
_____/

## MOTION TO DISMISS

Defendant, LEWIS RENTAL PROPERTIES LIMITED PARTNERSHIP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and all other applicable law, hereby moves this Court for an Order dismissing Plaintiff's, ISAAC ABDINOOR, Complaint filed in this action, and in support thereof states as follows:

### THE COMPLAINT

1. This matter arose from claims that Defendant discriminated against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA").

2. According to Plaintiff, Defendant owns, leases, leases to, or operates a place of public accommodation, namely, a chain of "brick and mortar" stores. *See* Complaint, ¶ 19.

3. The Complaint further alleges that Defendant has denied Plaintiff equal access to the goods and services provided to Defendant's non-disabled customers through its website, www.lewisrentalproperties.com (the "Website"). *See* Complaint, ¶¶ 1, 23. Among other things, Plaintiff alleges the Website is not compatible with screen reader software used by blind persons such as Plaintiff, leaving Plaintiff unable to enjoy the Website. *See id.* at ¶¶ 2, 16, 24 – 26. Plaintiff

Case 9:20-cv-80801-WPD   Document 16   Entered on FLSD Docket 07/24/2020   Page 2 of 8

**Defendant's Motion to Dismiss**
*Issac Abdinoor v. Lewis Rental Properties Limited Partnership*
Case No. 9:20-cv-80801-WPD

further claims that Defendant has made no attempts to modify its Website accordingly following Plaintiff's request for same. *See id.* at ¶ 3.

4. Contrary to Plaintiff's allegations, however, the Website stopped operating before Defendant was served with process in this action. Since May 29, 2020, the only content on the Website, which is indeed compatible with screen reader software, is the phrase, "our new site is coming soon stay tuned." *See* Website Screenshot, a copy of which is attached hereto as **Exhibit "A."**

5. Since the Website has not been operating, Plaintiff has no claim under 42 U.S.C. § 12181, *et. seq.*

## MEMORANDUM OF LAW

**Standard for Motion to Dismiss**

6. Pursuant to Rule 12(b)(6), a Complaint may be dismissed for failing to state a claim upon which relief can be granted.

7. The standard for dismissal is as follows:

> [t]o survive a motion to dismiss, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face.' While a court must accept well-pled facts as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the court view unwarranted deductions of fact or argumentative inferences in their favor.

*Woodburn v. Fla. Dep't of Children & Family Servs.*, 854 F.Supp.2d 1184, 1193 (S.D. Fla. 2011) (internal citations omitted).

8. Moreover:

> [t]o escape dismissal, the complaint must allege facts sufficient to move claims 'across the line from conceivable to plausible.' 'The plausibility standard is met only where the facts enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'… The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'

Case 9:20-cv-80801-WPD   Document 16   Entered on FLSD Docket 07/24/2020   Page 3 of 8

**Defendant's Motion to Dismiss**
*Issac Abdinoor v. Lewis Rental Properties Limited Partnership*
Case No. 9:20-cv-80801-WPD

*Siskos v. Sec'y, Dep't of Corr.*, 2018 U.S. Dist. LEXIS 92565 *14 – 15 (N.D. Fla. 2018) (citing *Ashcroft v. Igbal*, 556 U.S. 662 (2009) and *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013)).

9. While "analysis of a Rule 12(b)(6) motion is 'limited to the face of the complaint and attachments thereto,' a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *See Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1252 fn. 13 (11th Cir. 2013) (quoting *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 – 1370 (11th Cir. 1997)).

**<u>Argument</u>**

10. The Complaint fails to state a cause of action, as it fails to meet the pleading standards for ADA violations relating to websites and alleges that a website violated the ADA when in fact the subject website is not operating.

11. Plaintiff brings a one-count Complaint under 42 U.S.C. § 12182(a), which states, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *See also* 28 C.F.R. § 36.104.

12. A place of public accommodation is a "'place' or a 'facility, operated by a private entity, whose operations affect commerce" and which falls under one of the twelve public accommodations categories listed under § 12181(7)." *See Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 fn. 3 (11th Cir. 2002).

13. The circuit courts are split as to whether places of public accommodation are limited to physical spaces, such as a store, or, rather, may include virtual spaces such as websites. *See Gil v.*

Case 9:20-cv-80801-WPD Document 16 Entered on FLSD Docket 07/24/2020 Page 4 of 8

**Defendant's Motion to Dismiss**
*Issac Abdinoor v. Lewis Rental Properties Limited Partnership*
Case No. 9:20-cv-80801-WPD

*Winn-Dixie Stores, Inc.*, 257 F.Supp.3d 1340, 1348 (S.D. Fla. 2017). The Eleventh Circuit has taken a middle ground in deciding:

> Title III covers both tangible barriers, that is, physical and architectural barriers that would prevent a person from entering an accommodation's facilities and accessing its goods, services and privileges, and tangible barriers… that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges.

*Rendon v. Valleycrest*, 294 F.3d at 1283.

14. While it is still unclear as to whether a website constitutes a place of public accommodation in the Eleventh Circuit, the plaintiff, at the very least, must "allege some nexus between the website and the physical space of public accommodation to survive a motion to dismiss." *See Haynes v. Pollo Operations, Inc.*, 2018 WL 1523421 *5 – 6 (S.D. Fla. 2018) (citing *Gomez v. Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457 (S.D. Fla. 2017)).

15. In this case, however, no such nexus has been established. In fact, the Complaint fails to identify any physical locations to begin with, instead referring to Defendant's supposed "brick and mortar" stores. Moreover, it fails to allege that Plaintiff ever attempted to visit these stores or intended to do so. *See id.* (stating, "[b]ased on Plaintiff's failure to allege a nexus between Defendant's website and physical locations and failure to establish that the website impeded his access to Defendant's physical locations and services offered therein, the Complaint shall be dismissed"); *Buchholz v. Aventura Beach Assocs.*, 2018 U.S. Dist. LEXIS 2177 *7 (S.D. Fla. 2018) (stating, "Buchholz has failed to sufficiently allege a nexus between Ramada Plaza's website and its physical facility. He does not allege that his inability to use and comprehend Ramada Plaza's website impeded his access to the Ramada Plaza Hotel and resort. Indeed, he never alleges that he attempted to access or even intends to access the hotel. As such, the Court must dismiss his Complaint").

Case 9:20-cv-80801-WPD   Document 16   Entered on FLSD Docket 07/24/2020   Page 5 of 8

**Defendant's Motion to Dismiss**
*Issac Abdinoor v. Lewis Rental Properties Limited Partnership*
Case No. 9:20-cv-80801-WPD

16.     In any event, Plaintiff fails to state a claim upon which relief can be granted because the supposed non-compliant website does not exist, nor did it exist at the time Defendant was served with process in this action. Instead, the only content on the Website, which, again, is compatible with screen reader software, is the phrase, "our new site is coming soon stay tuned." *See* Exhibit A; *Starship Enters. v. Coweta County*, 708 F.3d at 1252 fn. 12.[1] Thus, the Website is informational at best and has no link to a physical space. *See Gomez v. La Carreta Enters.*, 2017 U.S. Dist. LEXIS 202662 *9 (S.D. Fla. 2017) (dismissing complaint because, "[c]ourts in this district require the website to provide more than information about a defendant's business in order to state a claim under the ADA for website inaccessibility").

## CONCLUSION

WHEREFORE, Defendant, LEWIS RENTAL PROPERTIES LIMITED PARTNERSHIP, respectfully requests this Court enter an Order dismissing Plaintiff's, ISAAC ABDINOOR, Complaint, and granting such further relief as is just and proper.

Respectfully submitted,

/s/ Mahra C. Sarofsky
Jeremy E. Slusher, Esq.
Florida Bar No. 145769
jes@slusherandrosenblum.com
Mahra Sarofsky, Esq.
Florida Bar No. 33637
mcs@slusherandrosenblum.com
**SLUSHER & ROSENBLUM P.A.**
444 W. Railroad Avenue, Suite 470
West Palm Beach, FL  33401
Telephone:     (561) 814-2020
Facsimile:     (561) 557-4598
*Attorneys for Defendant*

---

[1] The Website may be considered for purposes of this 12(b)(6) Motion because it is referenced in the Complaint and is the source of the alleged ADA violation.

## LOCAL RULE 7.1 CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla. L. R. 7.1(a)(3), the undersigned certifies she conferred with counsel for Plaintiff by telephone and e-mail prior to filing this Motion in a good faith attempt to resolve the issues raised in the instant Motion, which proved unsuccessful.

Dated July 24, 2020

/s/ Mahra C. Sarofsky
Jeremy E. Slusher, Esq.
Florida Bar No. 145769
jes@slusherandrosenblum.com
Mahra Sarofsky, Esq.
Florida Bar No. 33637
mcs@slusherandrosenblum.com
**SLUSHER & ROSENBLUM P.A.**
444 W. Railroad Avenue, Suite 470
West Palm Beach, FL  33401
Telephone:     (561) 814-2020
Facsimile:     (561) 557-4598
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail through the Southern District of Florida CM/ECF system on this 24th day of July, 2020 on all counsel or parties of record.

By: /s/ Mahra C. Sarofsky

Jeremy E. Slusher, Esq.
Florida Bar No. 145769
jes@slusherandrosenblum.com

Mahra C. Sarofsky, Esq.
Florida Bar No. 33637
mcs@slusherandrosenblum.com

LEWIS RENTAL PROPERTIES

OUR NEW SITE IS

# COMING SOON

STAY TUNED







© 2023 LEWIS RENTAL PROPERTIES