UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80801-WPD/WM

ISSAC ABDINOOR,

     Plaintiff

v.

LEWIS RENTAL PROPERTIES
LIMITED PARTNERSHIP,

     Defendant.

_____/

FILED BY _____KJZ_____ D.C.

**Oct 13, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

**THIS CAUSE** is before the Court upon Defendant's Motion for Rule 11 Sanctions. [DE 17]. This matter was referred to the undersigned by the Honorable United States District Judge William Dimitrouleas. [DE 20]. Defendant's Motion was filed on August 3, 2020, and Plaintiff failed to respond to the motion within the time limits set by the applicable rules.

After careful review of the Motion, the Court set a hearing on Defendant's Motion for October 8, 2020, at 2:00 p.m. The Court also noted that Plaintiff had not responded to the Motion and ordered Plaintiff to file a response to Defendant's Motion. Plaintiff ignored the Court's Order and no Response was filed by Plaintiff.

The Court proceeded with the duly-noticed hearing on October 8, 2020. Neither Plaintiff nor his counsel appeared at the hearing. The Court briefly heard argument from Defense counsel. As such, the matter is ripe for review.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a Complaint [DE 1] against Defendant on May 15, 2020. In the Complaint, which was signed by Morgan J. McGrath, Esq., Plaintiff alleged that Defendant violated Title III of the Americans with Disabilities Act ("ADA") based upon failure to provide disabled customers

equal access to its website by failing to make it compatible with screen reader software. [DE 1, ¶¶ 2, 16, 24 – 26].

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) on July 24, 2020. [DE 16]. In its motion to dismiss, Defendant argued that Plaintiff had failed to allege any nexus between the website and a physical space of public accommodation. *Id.* Defendant argued that it is a commercial real estate leasing company, with no physical locations which Plaintiff could visit, and that Plaintiff's Complaint misrepresented that Defendant owned and operated jewelry stores. *Id*. Plaintiff did not file a response to the motion to dismiss. On August 10, 2020, the Honorable United States District Judge William Dimitrouleas issued an Order to Show Cause, directing Plaintiff to show cause why the motion to dismiss should not be granted by default.   No response to the Order to Show Cause was filed by Plaintiff.   Thus, on August 24, 2020, Judge Dimitrouleas granted Defendant's motion to dismiss by default. [DE 19].

## ANALYSIS

In Defendant's current Motion for Rule 11 Sanctions [DE 17], it seeks sanctions against Plaintiff, Isaac Abdinoor, and his counsel, Morgan J. McGrath, Esq.   Defendant argues that the Complaint filed against it had no basis in law or fact.

Federal Rule of Civil Procedure 11(b) states in relevant part that, when an attorney presents to the court a pleading, that attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading is not being presented for an improper purpose, the claims and legal contentions are supported by existing law or a non-frivolous argument for changing existing law, and the factual conditions have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by

2

lessening frivolous claims or defenses." *Shipping & Transit, LLC v. Demandware, Inc.*, No. 15-80098-CIV, 2015 WL 11438496, at *1 (S.D. Fla. Aug. 4, 2015) (quoting *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks omitted)). "They may be imposed for the purpose of deterrence, compensation and punishment." *Id.* (internal quotation marks omitted).

"Rule 11 is not a vehicle for a defendant to test its defenses to a claim.   It is a device to sanction plaintiffs who assert claims (or defendants who assert defenses) with no legal or factual basis.   Fairly debatable legal contentions are beyond Rule 11's reach.   Due to both the gravity of the consequences of a Rule 11 motion and the need to not trivialize conduct that truly merits sanctions, Rule 11 motions should be employed sparingly."   *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016).

"Rule 11 requires a two-step inquiry: (1) a determination whether the non-moving party's claims are objectively frivolous; and (2) whether the party should have been aware that the claims were frivolous." *Philippeaux v. City of Coral Springs*, No. 19-60617-CV, 2019 WL 10303694, at *9 (S.D. Fla. Oct. 16, 2019), *report and recommendation adopted in part,* No. 19-60617-CIV, 2020 WL 2846531 (S.D. Fla. June 2, 2020) (citing *Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013)) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that they were frivolous.").

"Sanctions against a represented party are warranted when the party knew or should have known that the allegations contained in the complaint were frivolous." *See Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1093 (11th Cir.1994). "Generally, sanctions against a client are appropriate only when the client misrepresents facts in the pleadings." *In re BankAtlantic Bancorp,*

*Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1322 (S.D. Fla. 2011).

Defendant's Motion seeks Rule 11 sanctions against both the Plaintiff and Plaintiff's counsel. As to Defendant's Motion for Rule 11 sanctions against Plaintiff's counsel, Morgan J. McGrath, the Court finds that the Motion is due to be granted both by default and on the merits. As to the Court's grant of the Motion by default against Ms. McGrath, Local Rule 7.1(c) states that a failure to file a response "may be deemed sufficient cause for granting the motion by default." Plaintiff's counsel first failed to respond in a timely manner to the Motion, and then failed to comply with a Court Order directing a response. Plaintiff's counsel also failed to respond or appear on her behalf or on Plaintiff's behalf at the October 8, 2020 hearing. Plaintiff's counsel was warned that failure to respond could result in this Court granting Defendant's Motion by default. Thus, the Court hereby grants the Motion by default as to Morgan J. McGrath, Esq. *See Ransaw v. Hernando Cty. Sch. Bd.*, 2007 WL 4163396, at *5 (M.D. Fla. Nov. 20, 2007) (listing cases in which courts granted Rule 11 motions by default).

On the merits, the Court finds that Defendant has satisfied both prongs necessary to impose sanctions against Plaintiff's counsel, Ms. McGrath, per Rule 11. First, the Court finds that Plaintiff's claim was objectively frivolous as Defendant is not a "public accommodation" within the meaning of the ADA.   A place of public accommodation is a "'place' or a 'facility, operated by a private entity, whose operations affect commerce" and which falls under one of the twelve public accommodations categories listed under § 12181(7)." *See Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 fn. 3 (11th Cir. 2002). Courts in this District have held that a website is not a public accommodation unless there is a nexus between the website and a defendant's physical store.  *See Haynes v. Trader Joe's Co.*, 2018 WL 10883768, at *6 (S.D. Fla. Apr. 19, 2018) (Dimitrouleas, D.J.) (finding that a website is not a public accommodation due to "absence of

4

allegations that Plaintiff's inability to use [the website] impedes his access to one of Defendant's physical locations").

Here, Defendant is a real estate company that leases commercial property. There is no physical location which the Plaintiff is alleged to have desired to access. However, the Complaint does falsely allege that Plaintiff desired to visit one of Defendant's jewelry stores. Defendant does not operate jewelry stores. Defendant does not sell jewelry. The Court finds that this claim is objectively frivolous as it misstates the nature of Defendant's business. Without this false assertion, the Complaint fails as a matter of law. Thus, because Plaintiff's Complaint had objectively no basis in fact, and therefore failed as a matter of law, the Court finds that the claim was objectively frivolous.

Regarding the second prong, the Court likewise finds that Plaintiff's counsel should have known that the claim was frivolous. A simple internet search would have revealed that Defendant did not operate jewelry stores, but rather was a commercial property leasing company. Under Rule 11, counsel must conduct "an inquiry reasonable under the circumstances" before making representations to the Court. The Court finds that counsel failed to do so, and thus should have known that the lawsuit was objectively frivolous.

The Court notes that attorney Morgan J. McGrath filed this frivolous complaint on May 15, 2020 [DE 1] and caused a summons to be issued on the same date [DE 2]. Then, she filed a Certificate of Counsel on June 1, 2020, where she reiterated her frivolous claim. Thereafter, it appears that attorney McGrath ignored and abandoned this case. Ms. McGrath's conduct has unnecessarily disrupted the Court's docket and has delayed and frustrated this matter. In effect, McGrath came into this Court, filed a wholly frivolous complaint, allowed an order of dismissal to be entered against her client together with a final judgment, and continually ignored this Court's

5

rules and orders. Ms. McGrath has wasted the time of this Court and of the Defendant and Defendant's counsel. She deserves to be sanctioned under Rule 11.

Accordingly, as Defendant has satisfied both prongs of a Rule 11 inquiry, the Court finds that Defendant is entitled to an award of sanctions from Plaintiff's counsel, Morgan J. McGrath, Esq.

However, the Court will not impose sanctions against Plaintiff himself.   At the October 8, 2020 hearing, Defense counsel represented that she believed that the party was a victim of his attorney.   Counsel also represented that she had no basis to believe that the party provided false or misleading information to his attorney. Moreover, because the frivolity of the Complaint was due in part to a legal defect regarding whether Defendant was a public accommodation, the Court finds that the party, a non-lawyer, apparently had no reason to know that the claim was objectively frivolous.   Thus, the Court will not impose sanctions against Plaintiff himself. Therefore, the Court exercises its discretion to only award Rule 11 sanctions against Plaintiff's counsel, and not against Plaintiff himself.

## **CONCLUSION**

Based upon the foregoing, the Court **GRANTS** in part Defendant's Motion for Rule 11 Sanctions [DE 17] as to Morgan J. McGrath, Esq. Defendant's counsel shall file their billing records and an affidavit stating the reasonableness of the work performed and the basis for the hourly rate charged within seven days of this Order. Plaintiff's counsel shall file any response or objections thereto within seven days of receipt thereof.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of October 2020.

WILLIAM MATTHEWMAN

6

United States Magistrate Judge