UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80801-WPD/WM

ISSAC ABDINOOR,

    Plaintiff
v.

LEWIS RENTAL PROPERTIES
LIMITED PARTNERSHIP,

    Defendant.
_____/

FILED BY KJZ D.C.

Nov 3, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS [DE 17]

**THIS CAUSE** is before the Court upon Defendant's Motion for Rule 11 Sanctions [DE 17], the Court's Order Granting in Part Defendant's Motion for Rule 11 Sanctions [DE 24], Defendant's Affidavit of Attorneys' Fees and Costs [DE 25-1], and Defendant's Affidavit of Reasonable Attorneys' Fees [DE 25-2]. This matter was referred to the undersigned by the Honorable United States District Judge William Dimitrouleas. [DE 20].

The Court has provided Plaintiff and Plaintiff's counsel numerous opportunities to respond to Defendant's Rule 11 Motion, as well as the Defendant's Affidavits as to the amount of reasonable attorney's fees. However, Plaintiff and Plaintiff's counsel have failed to respond and have ignored all of the Court's Orders. Pursuant to Court Order [DE 24], Defendant's Affidavits as to the amount of attorney's fees and costs were filed on October 20, 2020, and despite being afforded time to respond, Plaintiff again failed to respond to the motion within the time limits set by the Court's Order. [DE 24]. Thus, the matter is ripe for review.

After careful review of the affidavits, and the entire docket, it is **RESPECTFULLY RECOMMENDED** that the District Judge find the fees and hours claimed by Defendant to be

reasonable and enter a judgment in the amount of $5,080.00 in favor of Defendant and against Plaintiff's counsel, Morgan J. McGrath, Esq., for which execution should issue.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a Complaint [DE 1] against Defendant on May 15, 2020. In the Complaint, which was signed by Morgan J. McGrath, Esq., Plaintiff alleged that Defendant violated Title III of the Americans with Disabilities Act ("ADA") based upon failure to provide disabled customers equal access to its website by failing to make it compatible with screen reader software. [DE 1, ¶¶ 2, 16, 24 – 26].

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) on July 24, 2020. [DE 16]. In its motion to dismiss, Defendant argued that Plaintiff had failed to allege any nexus between the website and a physical space of public accommodation. *Id.* Defendant argued that it is a commercial real estate leasing company, with no physical locations which Plaintiff could visit, and that Plaintiff's Complaint misrepresented that Defendant owned and operated jewelry stores. *Id*. Plaintiff did not file a response to the motion to dismiss. On August 10, 2020, the Honorable United States District Judge William Dimitrouleas issued an Order to Show Cause, directing Plaintiff to show cause why the motion to dismiss should not be granted by default.   No response to the Order to Show Cause was filed by Plaintiff.   Thus, on August 24, 2020, Judge Dimitrouleas granted Defendant's motion to dismiss by default. [DE 19]. Defendant thereafter moved for Rule 11 sanctions. [DE 17].

By Order dated September 10, 2020, the undersigned gave Plaintiff's counsel a further chance to appear and be heard in this matter, and set a briefing schedule and hearing upon Defendant's Motion for Rule 11 Sanctions. [DE 22]. Neither Plaintiff nor his counsel appeared at the hearing held on October 8, 2020. [DE 23]. Plaintiff's counsel, Morgan J. McGrath, Esq., is a

member of The Florida Bar and receives electronic notices via CM/ECF in this case. The Court proceeded with the hearing and entered an Order finding that Defendant was entitled to Rule 11 sanctions and to recover attorneys' fees based upon Plaintiff's counsel, Morgan J. McGrath, Esq.'s, sanctionable conduct. In that Order [DE 23], the Court found entitlement to Rule 11 sanctions solely against Plaintiff's counsel, Morgan J. McGrath, Esq., and not against Plaintiff. The Court reiterates that finding of entitlement here. Thus, the Court addresses herein only the award of Rule 11 sanctions against Attorney McGrath.

## ANALYSIS

### I. Calculation of Defendant's Attorneys' Fee Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1994). "This 'lodestar' may then be adjusted for the results obtained" by the attorney. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

#### A. Counsel's Hourly Rate

Defendant seeks $395 per hour for Mahra Safofsky, Esq., $325 per hour for Michael Billings, Esq., $275 per hour for Marina Renom, Esq., and $145 for paralegal Kelly Zapetis *See* DE 25-1.

Defendant attached the affidavit of John Wittles, Esq., who is familiar with the fees customarily charged by attorneys in Palm Beach County, having served as the President of the Palm Beach County Bar Association. [DE 25-2]. In his affidavit, Mr. Wittles stated that the rates charged by the attorneys and paralegal are reasonable in Palm Beach County for civil litigation. The Court agrees.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for

3

similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999). To decide what a reasonable hourly rate is, the Court must consider

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n. 2 (11th Cir. 2008); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The fee applicant bears the burden of establishing the claimed market rate. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The Court may use its own experience in assessing the reasonableness of attorneys' fees. *Norman*, 836 F.2d at 1299. The movant's burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*Id.* at 1303.

The undersigned finds that the hourly rates sought are reasonable. In the Southern District of Florida, counsel in successful ADA actions are regularly awarded more than the rates sought. *See, e.g.*, *Buchholz v. Sai Saffron 180 LLC*, No. 19-21449, 2019 WL 5617927, at *3 (S.D. Fla. Oct. 31, 2019) (finding $420 and $350 hourly rates reasonable); *Kennedy v. Bonom Enter., Inc.*, No. 18-62175, 2019 WL 1429513, at *3 (S.D. Fla. Mar. 29, 2019) (finding $400 hourly rate

4

reasonable); *Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1353 (S.D. Fla. 2017) (finding $219 hourly rate to be "well below the prevailing market rate").

Accordingly, the undersigned **RECOMMENDS** that the District Judge find that the rates charged by the attorneys and paralegal to be reasonable.

### B. Number of Hours Reasonably Expended

Defendant seeks compensation for 13.8 hours expended [DE 25-1]. In submitting a request for attorneys' fees, applicants must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The undersigned has carefully reviewed counsel's billing entries. [DE 25-1]. The undersigned finds that the entries are reasonable, properly calculated, and the total number of 13.8 hours is not excessive. The undersigned thus **RECOMMENDS** that the District Judge award Defendant the entire lodestar amount against Plaintiff's counsel McGrath but not against Plaintiff.

### CONCLUSION

In light of the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the

5

District Judge award Defendant, Lewis Rental Properties Limited Partnership, a Delaware limited partnership, its attorneys' fees pursuant to Rule 11 in the amount of $5,080.00, against Plaintiff's counsel, Morgan J. McGrath. The undersigned also recommends that the appropriate statutory interest rate be applied, that a judgment against Morgan J. McGrath in the amount of $5,080.00 be entered in favor of Defendant accordingly, for which execution should issue.

## NOTICE OF RIGHT TO OBJECT

The parties and attorney Morgan J. McGrath, Esq., shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Wiliam P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of November 2020.

William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge